UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FRANKLIN CARSON,

    Plaintiff,

vs.                                           CASE NO. 3:09-cv-613-J-25TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## **O R D E R**

This case is before the Court on Plaintiff's affidavit of indigency (Doc. #2), which contains Plaintiff's application for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1). Thus, the Court will construe the application stated in the affidavit of indigency as a motion for its consideration.

The Court may allow a plaintiff to proceed without the prepayment of fees or costs where the plaintiff has demonstrated through the filing of an affidavit that he or she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Plaintiff has provided an affidavit showing that he meets the financial criteria which would entitle a plaintiff to be eligible to proceed *in forma pauperis*. Therefore, the Court hereby **GRANTS** the construed motion for Plaintiff to proceed *in forma pauperis* (Doc. #2).

Plaintiff is represented by counsel in the instant matter. The Court notes that Plaintiff has not perfected service of process. The complaint in this matter was filed on July 6, 2009 (*see* Doc. #1), thus service was due on or before November 3, 2009. Plaintiff should be aware of Rule 4(m), Federal Rules of Civil Procedure, which relates to the service of process:

> **Time Limit for Service.** If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).

While Rule 4(m) instructs the court to allow additional time for service of process when a plaintiff shows good cause, it also provides the court may "direct that service be effected within a specified time." The advisory committee's notes accompanying Rule 4(m) provide the following guidance:

> The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision **even if** there is no good cause shown.

Rule 4(m) advisory committee's note (1993) (emphasis added).

The United States Supreme Court has recognized, "[m]ost recently, in 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown.'" *Henderson v. United States*, 517 U.S. 654, 662 (1996) (quoting Rule 4 advisory committee's note). Since the 1993 amendment, a majority of the courts that have interpreted the amended version of Rule 4(m) and the accompanying advisory committee's note have concluded that the Rule allows the court to utilize its discretion to extend the time for service even if "good cause" is not present. *Henderson*, 517 U.S. at 662; *Horenkamp v. Van Winkle & Co., Inc.,* 402 F.3d 1129 (11th Cir. 2005); *In re Sheehan*, 253 F.3d 507, 512-13 (9th Cir. 2001); *Panaras v. Liquid Carbonic*

*Indus. Corp.*, 94 F.3d 338, 340-41 (7th Cir. 1996); *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996); *Adams v. Allied Signal General Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996); *Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir. 1995); *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3rd Cir. 1995); *Orta v. West Gables Mgmt. Corp.*, No. 6:08-cv-571-Orl-31GJK, 2008 WL 398974 (M.D. Fla. Feb. 12, 2008); *AIG Managed Mkt. Neutral Fund v. Askin Capital Mgt.*, L.P., 197 F.R.D. 104, 109 (S.D.N.Y. 2000); *In re Deresinski*, 214 B.R. 35, 37 (Bankr. M.D. Fla. 1997); *Madison v. BP Oil Co.*, 928 F. Supp. 1132, 1136-37 (S.D. Ala. 1996).

There is no indication in the record before the Court that Plaintiff or Plaintiff's counsel attempted to serve process upon the Defendant in this action prior to the expiration of the 120 day period. Further, there is no indication in the record that Plaintiff or Plaintiff's counsel completed and returned the service documents to the Clerk in anticipation the Court would grant *in forma pauperis* status and direct service of process to be performed by the United States Marshal. Notwithstanding these deficiencies, the undersigned concludes that the Court should exercise its discretion and allow Plaintiff additional time **through the close of business on December 11, 2009** to effect service of process on Defendant.

Accordingly, it is hereby **ORDERED:**

1. Plaintiff's affidavit of indigency (Doc. #2), which the Court construes as a motion for leave to proceed *in forma pauperis*, is **GRANTED**.

2. The Clerk of the Court shall send Plaintiff blank Summonses to be completed and returned to the Clerk's Office for service by the United States Marshal. Plaintiff shall return the appropriate number of copies of the complaint to the Clerk so that the complaint

may be served with the Summons upon each named defendant. Plaintiff is cautioned to complete and return the service documents forthwith, so that service may be accomplished within the established deadline.

**DONE AND ORDERED** at Jacksonville, Florida this 10th day of November, 2009.

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to all counsel of record